[Cite as *In re O.P.*, 2016-Ohio-8200.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

IN RE: O.P.
    M.P.
    K.P.

C.A. Nos.    16AP0054
                16AP0055
                16AP0056

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE Nos.    2014 JUV-C 000917
                2014 JUV-C 000918
                2014 JUV-C 000919

DECISION AND JOURNAL ENTRY

Dated: December 19, 2016

CARR, Presiding Judge.

**{¶1}** Appellant, Rachel H. ("Mother"), appeals from a judgment of the Wayne County Court of Common Pleas, Juvenile Division, that terminated her parental rights to her three minor children and placed them in the permanent custody of Wayne County Children Services Board ("CSB"). This Court affirms.

I.

**{¶2}** Mother is the biological mother of the three minor children at issue in this appeal: O.P., born April 28, 2005; M.P., born November 14, 2006; and K.P., born September 26, 2008. The children's father ("Father") did not appeal from the trial court's judgment.

**{¶3}** During September 2013, CSB received a referral that the family was homeless, the children were not enrolled in school, and that both parents had problems with substance

abuse. Because Mother had a severe alcohol abuse problem, CSB developed a voluntary case plan with Mother and Father, which required Mother to reside outside the home and have no unsupervised contact with the children until she had successfully completed substance abuse treatment. The parents also agreed that the children would engage in counseling because they had serious behavioral problems. For the next several months, Mother and Father both agreed to abide by the terms of the voluntary plan and Mother continued residing outside the family home.

{¶4} On August 11, 2014, CSB filed complaints, alleging that O.P., M.P., and K.P. were dependent children. At that time, the children had been residing with Father but had no stable housing and Father was not complying with the requirements of the voluntary case plan that he engage in substance abuse treatment and that the children engage in counseling. The children were later adjudicated dependent children and allowed to remain in Father's custody under an order of protective supervision.

{¶5} While the children resided with Father under protective supervision, Father married a woman named Jennifer, who had temporarily lost custody of her own children in another juvenile court case. Because CSB was aware that Jennifer had substance abuse problems and she was residing in the home with O.P., M.P., and K.P., she was added to the case plan in this case. Father and Jennifer failed to comply with the requirements of the case plan, however, so O.P., M.P., and K.P. were later removed from Father's custody and placed in the temporary custody of CSB.

{¶6} After the removal of the children from Father's custody, neither parent made much progress on the reunification goals of the case plan. Mother continued to struggle with alcohol abuse and did not complete a treatment program or achieve sobriety. Father continued to make excuses for failing to engage in reunification services and ultimately admitted that "I guess

I am a procrastinator." Consequently, CSB eventually moved for permanent custody of the three children. Following a hearing, the trial court terminated parental rights and placed O.P., M.P., and K.P. in the permanent custody of CSB. Mother appeals and raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

> THE TRIAL COURT ERRED IN FINDING THAT THE CHILDREN COULD NOT BE PLACED WITH APPELLANT-MOTHER IN A REASONABLE TIME AND THAT PERMANENT CUSTODY WAS IN THE CHILDREN'S BEST INTEREST.

{¶7} Mother's sole assignment of error is that the trial court's permanent custody decision was not supported by the evidence presented at the hearing. Before a juvenile court may terminate parental rights and award permanent custody of children to a proper moving agency it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the children are abandoned; orphaned; have been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period; they or another child in a parent's custody have been adjudicated abused, neglected, or dependent on three separate occasions; or they cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C. 2151.414(E); and (2) that the grant of permanent custody to the agency is in the best interest of the children, based on an analysis under R.C. 2151.414(D). *See* R.C. 2151.414(B)(1) and 2151.414(B)(2); *see also In re William S.*, 75 Ohio St.3d 95, 99 (1996).

{¶8} The trial court found that CSB satisfied the first prong of the permanent custody test because Mother had failed to substantially remedy the conditions that caused the ongoing removal of the children from her custody. That finding is supported by clear and convincing evidence in the record.

{¶9}    CSB began a voluntary case with the family during the autumn of 2013. At that time, the parents agreed that the children would reside with Father and that Mother would have no unsupervised contact with them because she had a serious and long-standing alcohol abuse problem. Since that time, Mother has been prohibited from having any unsupervised contact with her children. Mother has been diagnosed with severe alcohol abuse disorder and has admitted throughout nearly three years of voluntary and involuntary involvement with CSB that she abuses alcohol and requires treatment to achieve ongoing sobriety. Mother did not successfully complete a substance abuse program, however, and continued to reside with her mother and brother, who she admitted also regularly abused alcohol.

{¶10} Professionals who evaluated Mother's need for substance abuse treatment recommended that she complete a residential treatment program because she had a long history of failed attempts to achieve ongoing sobriety through outpatient programs. Nevertheless, Mother continued to engage in outpatient treatment, did not successfully complete any of those programs, and was unsuccessful in achieving sobriety on even a short-term basis. Mother was also required to obtain a psychological assessment and follow any treatment recommendations, which she failed to do. Therefore, there was ample evidence to support the trial court's conclusion that Mother had failed to substantially remedy the conditions that caused the children to remain placed outside her custody.

{¶11} Next, the trial court found that permanent custody was in the best interest of the three children. Mother asserts that the trial court should have instead extended temporary custody for another six months. The trial court was required to conduct a best interest analysis to determine whether to place the children in the permanent custody of CSB or to extend temporary custody. Moreover, the trial court would have had authority to extend temporary custody only if

it also found that Mother had made "significant progress" on the case plan and that there was reasonable cause to believe that the children would be reunified with her or otherwise permanently placed during the extension period. R.C. 2151.415(D)(1). As detailed above, Mother had not made significant progress on the reunification goals of the case plan and there was no evidence that the children could be returned to her within the extension period.

{¶12} Moreover, the trial court properly found that permanent custody was in the best interests of the children. When determining the children's best interest under R.C. 2151.414(D), the juvenile court must consider all relevant factors, including the interaction and interrelationships of the children, their wishes, the custodial history of the children, and their need for permanence in their lives. *See In re R.G.,* 9th Dist. Summit Nos. 24834, 24850, 2009-Ohio-6284, ¶ 11.

{¶13} Since autumn 2013, Mother's interaction with her children had been limited to supervised visitation. After the children were removed from Father's home, Mother attended less than half of her scheduled visits with them. Mother's supervised visits with the children were ultimately terminated because she was not engaged in treatment and repeatedly came to visits while obviously intoxicated. Because she never completed a residential treatment program or otherwise demonstrated that she had become sober, Mother had no visits with the children for more than three months before the permanent custody hearing.

{¶14} Mother argues that the children's wishes were to return to her custody, but that was not the evidence before the trial court. Although the guardian ad litem testified that each of the children wanted to live with "a parent," there was no evidence that any of them expressed a desire to return to the custody of Mother, with whom they had not lived for nearly three years. The guardian ad litem opined that permanent custody was in the best interest of the children

because neither parent had made much progress toward achieving sobriety or stability in their lives.

{¶15} The custodial history of the children had included several years of living in temporary placements. Prior to coming into CSB custody, they had lived in the custody of Father, not Mother, for approximately two years. When they lived with Mother and Father several years ago, they moved from place to place and were sometimes homeless. According to the psychologist who evaluated the children, they had no stability or appropriate boundaries in their lives until they came into foster care. She emphasized that, given the multiple mental health diagnoses of each child, it was essential to their well-being that they continue to reside in home environments that provide them with consistent supervision and boundaries.

{¶16} The children were in need of legally secure permanent placements and neither parent was able to provide them with an appropriate home at that time. CSB also had been unable to find any relatives who were willing or able to provide them with a suitable home. Consequently, the trial court reasonably concluded that a legally secure permanent placement would only be achieved by placing the children in the permanent custody of CSB. Because Mother has failed to demonstrate that the trial court's permanent custody decision was not supported by the evidence presented at the hearing, her assignment of error is overruled.

### III.

{¶17} Mother's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CHRISTINA I. REIHELD, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and MELODY L. BRIAND, Assistant Prosecuting Attorney, for Appellee.